UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN LOCKE,

        Plaintiff,

v.                                          Case No.  8:05-cv-462-T-24 MSS

FOXPEN INC., ET AL.,

        Defendants.
_____/

### ORDER

This cause comes before the Court on Plaintiff's Motion for Summary Judgment against

Defendants Foxpen, Inc., Werawat Isaraphanich, and Jennifer Gelena (Doc. No. 20).  The Court

construes this motion as a motion for default judgment.  The Court held a hearing on this motion

on June 13, 2005.

## I.  Background

Plaintiff alleges the following in his complaint (Doc. No. 1): Plaintiff owns and publishes

real estate training courses and manuals in print, audio/video, and electronic format on the

internet, called John $Cash$ Locke's Creative Real Estate Investing Training Course and

Manual Subject To That's What I Do.  Defendant Foxpen, Inc. is a New York business that is

engaged in the business of selling items over the internet.  Foxpen attracts users to its internet

website (www.subjectto.net) by republishing verbatim copies of other people's copyrighted

works without their consent.  Defendant Werawat Isaraphanich is an individual living in New

York who owns and controls Foxpen, Defendant Transconnect Express, www.subjectto.net, and

www.eBookExclusive.com. Defendant Jennifer Gelena is an individual living in New York who

controls and is associated with a website known as www.eBookExclusive.com, which attracts

users to the www.subjectto.net website by republishing verbatim copies of other people's

copyrighted works without their consent.

Plaintiff spends substantial time, money, and effort creating, collecting, and distributing

his copyrighted material.  Plaintiff puts his material on a website, www.subto.net, which is a

password protected website for Plaintiff's students.  When people purchase Plaintiff's material

from Plaintiff, they become his students and receive additional support, including lifetime email

support, access to his website, and Plaintiff's cell phone number.  People who order Plaintiff's

product from Defendants or their websites do not receive this additional support.

Plaintiff contends that Defendants have been misappropriating content and infringing

copyrights by republishing verbatim copies of his copyrighted materials without his consent.

Plaintiff further alleges that Isaraphanich and Gelena committed the copyright infringement

"with malice and forethought."

In his complaint, Plaintiff asserts a claim for copyright infringement.  He alleges that he

has complied with the copyright statutes and has secured the exclusive rights and privileges in

and to copyrights for his training courses and manuals and that Defendants' conduct violates

Plaintiff's copyrights.

Plaintiff served Defendants Foxpen, Isaraphanich, and Gelena, and he obtained a Clerk's

entry of default against them on April 28, 2005.  (Doc. No. 17, 18, 19).  Plaintiff now files the

instant motion for summary judgment against these defendants, which this Court construes as a

motion for default judgment.  (Doc. No. 20).

**II.  Motion for Default Judgment**

Plaintiff requests statutory damages and costs against Foxpen, Isaraphanich, and Gelena

for copyright infringement.[1]  In order to show that these defendants committed copyright infringement, Plaintiff must show that he owns a valid copyright in the work allegedly infringed and that these defendants copied that work.  See Donald Frederick Evans and Associates, Inc. v. Continental Homes, Inc., 785 F.2d 897, 903 (11th Cir. 1986)(citation omitted).  A copyright registration certificate is prima facie evidence of ownership in a valid copyright.  See Dive N' Surf, Inc. v. Anselowitz, 834 F. Supp. 379, 382 (M.D. Fla. 1993)(citations omitted).  At the hearing, Plaintiff produced the registration certificate for his training course.  (Plaintiff's Exhibit #1).  Accordingly, the Court finds that Plaintiff owns a valid copyright in the work allegedly infringed.  Furthermore, Plaintiff alleges in his complaint and testified at the hearing that these defendants copied his copyrighted work without his permission.  Therefore, the Court finds that these defendants committed copyright infringement, and as such, the Court must determine the appropriate amount of damages and costs to award to Plaintiff.

### A.  Statutory Damages

At the hearing, Plaintiff stated that he is requesting that the Court award him statutory damages, pursuant to 17 U.S.C. § 504(c), which provides:

> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection,

---

[1]Additionally, in the motion, Plaintiff requests (1) a declaratory judgment that these defendants violated his rights under common law and the Federal Copyright Act; (2) an injunction enjoining these defendants from copying and republishing any of Plaintiff's copyrighted material without his consent, or otherwise infringing Plaintiff's copyrights in any manner; and (3) an accounting of all profits derived from the infringement.  However, Plaintiff stated at the hearing that he is no longer seeking this relief.

all the parts of a compilation or derivative work constitute one work.

(2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.

Plaintiff may elect statutory damages whether or not adequate evidence exists as to the actual damages incurred by him or the profits gained by these defendants.  See Cable/Home Communication Corp., M/A v. Network Productions, Inc., 902 F.2d 829, 850 (11th Cir. 1990)(citation omitted).  "Generally, statutory damages are awarded when no actual damages are proven, or actual damages and profits are difficult or impossible to calculate."  Id. (citations omitted).

"To determine the appropriate level of statutory damages, the court should generally consider the expenses defendant saved and profits defendant reaped in connection with the infringements, the revenues plaintiff[] lost as a result of defendant's conduct, and defendant's state of mind--whether willful, knowing, or merely innocent."  Dive N' Surf, 834 F. Supp. at 383 (citation omitted); Nintendo of America, Inc. v. Ketchum, 830 F. Supp. 1443, 1445 (M.D. Fla. 1993).  Statutory damages not only "'compel[] restitution of profit and reparation for injury but [are] also designed to discourage wrongful conduct.'"  Arista Records v. Beker Enterprises, Inc., 298 F. Supp.2d 1310, 1312 (S.D. Fla. 2003)(quoting F.W. Woolworth Co. v. Contemporary Arts, 344 U.S. 228, 233 (1952)); see also Nintendo of America, 830 F. Supp. at 1445.

Under § 504(c)(2), greater statutory damages can be awarded if the Court finds that the infringement was committed willfully.  "Willful infringement has been described as when the infringer acted with 'actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright.'"  Arista Records, 298 F. Supp.2d at 1312 (quoting Original

4

Appalachian Artworks, Inc. v. J.F. Reichert, Inc., 658 F. Supp. 458, 464 (E.D. Pa. 1987)); see

also Cable/Home Communication, 902 F.2d at 851 (citations omitted).  A court can infer that a

defendant willfully infringed the plaintiff's copyright if willfulness is alleged in the complaint

and default has been entered.  See Arista Records, 298 F. Supp.2d at 1313; Jordan Outdoor

Enterprises, Ltd. v. Grasmere Sportswear Corp., No. 4:02-CV-55-1(CDL), 2003 WL 1477011, at

*2 n.4 (M.D. Ga. Feb. 28, 2003).

    At the hearing, Plaintiff submitted emails from people who were confused by Foxpen,

Isaraphanich, and Gelena's advertisements and thought that they were purchasing Plaintiff's

course materials from Plaintiff or an authorized seller.  (Plaintiff's Exhibit #3).  When these

people attempted to register on Plaintiff's website, they found out that they did not purchase

from Plaintiff, and as such, they were not entitled to receive Plaintiff's additional support.

Furthermore, some of these people received defective copies of Plaintiff's materials.

    Additionally, Plaintiff lost revenue every time these defendants sold an unauthorized

copy of his course materials.  Plaintiff charges $689 for his course materials, and these

defendants did not pay Plaintiff for the course materials that they copied and sold.  Furthermore,

given that these defendants have failed to respond to Plaintiff's complaint, in which he alleges

that they intentionally copied his copyrighted works without his permission, the Court finds that

these defendants committed the infringement willfully.

    Based on the above, the Court finds that $30,000 in statutory damages is appropriate.

This amount will provide reparation for Plaintiff's injuries, including his lost profits, and will

also discourage wrongful conduct in the future.

**B.  Costs**

Plaintiff requests $1,000 to reimburse him for his costs.  17 U.S.C. § 505 provides that

the Court, in its discretion, may award full costs to the prevailing party.

In support of his request for costs, Plaintiff submitted evidence that he paid $272.50 to

serve six of the defendants, plus $250 for this Court's filing fee.  (Plaintiff's Exhibit #2).  While

the Court will award costs for Plaintiff to serve Defendants Foxpen, Isaraphanich, and Gelena, it

cannot award costs for serving the other defendants.  As such, the Court finds that Plaintiff

should be reimbursed for the cost of the filing fee ($250) and the cost of serving Defendants

Foxpen, Isaraphanich, and Gelena ($136.25[2]), for a total of $386.25 in costs.

Plaintiff stated at the hearing that the remaining $477.50 represented the cost of his time

spent prosecuting this action.  The Court, however, took this into account when determining the

appropriate amount of statutory damages, and as such, the Court cannot award this amount as

costs.  Therefore, the total amount of costs to be awarded is $386.25.

**III.  Remaining Defendants**

Plaintiff has not served the following defendants: Transconnect Enterprise (a business of

unknown legal form), www.eBookExclusive.com, www.subjectto.net, and John Does I - X.

Plaintiff stated at the hearing that he consents to the Court dismissing his claims against these

remaining defendants without prejudice and closing this case after the Court rules on his motion

for default judgment.

---

[2]Plaintiff submitted an invoice showing that he paid $272.50 to serve six defendants.  As such, the Court assumes that the cost of serving each defendant was the same, and therefore, Plaintiff paid one-half of this amount to serve the three defendants at issue.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Plaintiff's Motion for Summary Judgment against Defendants Foxpen, Inc.,

Werawat Isaraphanich, and Jennifer Gelena (Doc. No. 20), which this Court

construes as a motion for default judgment, is **GRANTED**;

(2)     The Clerk is directed to enter default judgment against Defendants Foxpen, Inc.,

Werawat Isaraphanich, and Jennifer Gelena, jointly and severally, in the amount

of $30,000.00, plus $386.25 in costs;

(3)     The Court dismisses without prejudice Plaintiff's claims against Defendants

www.ebookexclusive.com, www.subjectto.net, Transconnect Enterprise, and John

Does I - X; and

(4)     The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of June, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Plaintiff

7